IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KENNETH JOHANSEN,**

    **Plaintiff,**

    v.

    Civil Action 2:20-cv-2930
    Chief Judge Algenon L. Marbley
    Chief Magistrate Judge Elizabeth P. Deavers

**BLUE RAVEN SOLAR, LLC,**
et al.,

    **Defendants.**

**OPINION AND ORDER**

This matter, a putative class action alleging violations of the Telephone Consumer Protection Act ("TCPA"), is before the Court on Plaintiff Kenneth Johansen's Motion for Leave to Take Discovery Prior to Entry of Final Judgment filed on July 14, 2020.  (ECF No. 12.)   The Clerk entered default against Defendants Renovation Referral, LLC ("Renovation") and its owner Gabriel Solomon ("Solomon") on July 10, 2020.  (ECF No. 11.)[1]  On August 4, 2020, a third Defendant, Blue Raven Solar, LLC ("Blue Raven"), filed a Memorandum in Opposition to Plaintiff's motion. (ECF No. 20).  Plaintiff has filed a reply.  The motion is now ripe for decision.  For the following reasons, Plaintiff's Motion is **DENIED.**

---

[1] Renovation and Solomon filed a motion to set aside the entry of default on September 8, 2020.  (ECF No. 22).

1

**I.**

According to the allegations in the Complaint, Renovation called Plaintiff's residential phone number even though it was listed on the National Do-Not-Call Registry.  (ECF No. 1, ¶ 3.) Plaintiff seeks to represent the following class of individuals:

> All persons in the United States whose (1) telephone numbers were in the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call(s) from or on behalf of Defendants (3) within a 12-month period, (4) from four years prior to filing of the Complaint.

(ECF No. 1, at ¶ 52.)

Blue Raven explains that this is the second putative action Plaintiff's counsel has pending against the same three Defendants for an alleged TCPA violation.  (*See* Declaration of Kenneth E. Payson, ECF No. 20-1, at ¶ 3, Ex. A.)[2]  Blue Raven asserts that Plaintiff has made certain identical allegations in both cases, including that Renovation, not Blue Raven, made the calls at issue and that Blue Raven is vicariously liable for the alleged calls because Renovation was placing them in an effort to generate sales leads for Blue Raven.

**II.**

Through his motion, Plaintiff, relying solely on Fed. R. Civ. P. 55(d)(2), seeks leave to conduct discovery to identify members of the putative class and determine the amount of damages.  Specifically, Plaintiff requests leave to serve third-party subpoenas on any third-party calling vendor used by Renovation and Solomon, "as well as their officers, employees, or any other individuals associated with them in an effort to obtain call logs from them or identify any third-party that would have access to information regarding the Defendants' TCPA violative calls." (ECF No. 12, at p.2.)

---

[2] *Naiman v. Blue Raven Solar, LLC*, Case No. 2:19-cv-01643 (D. Nev.) is the other pending case.

Blue Raven contends that Plaintiff's motion should be denied for a host of reasons. Specifically, Blue Raven contends that the motion is premature because there has been no Rule 26(f) conference and Rule 55(d)(2) provides no basis for taking early discovery.  Further, Blue Raven explains that, under established law, default judgment should not be entered against defaulting defendants while a non-defaulting party continues to defend the action to prevent inconsistent judgments.  Additionally, according to Blue Raven, a motion for default judgment on a "classwide" basis is improper because there is no certified class.  Blue Raven also argues that the motion is forbidden under a ruling issued in the parallel *Naiman* proceeding.  Finally, Blue Raven maintains that discovery relating to the identity of putative class members is not allowed prior to a successful motion to certify a class.

In reply, Plaintiff contends that a Court order will allow him to begin discovery prior to the Rule 26(f) conference.  Further, he asserts that the purpose of the requested discovery is to allow him to argue in favor of judgment against Solomon and Renovation and to support his motion for class certification.  Finally, he explains that the requested discovery does not violate any court order issued in *Naiman*.

### III.

Regardless of how Plaintiff has chosen to frame his argument, in essence he is seeking leave to serve expedited discovery.  Federal Rule of Civil Procedure 26 prohibits discovery before the Rule 26(f) conference except under certain circumstances, including when a court orders such discovery. Fed. R. Civ. P. 26(d)(1).  Thus, Rule 26(d) vests the district court with discretion to order expedited discovery. *See Lemkin v. Bell's Precision Grinding*, No. 2:08-CV-789, 2009 WL 1542731, at *1 (S.D. Ohio June 2, 2009) (citing *Qwest Communs. Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003)).  Courts considering a motion

for expedited discovery typically apply a good cause standard. *Lemkin*, 2009 WL 1542731, at *2; *see also* 8A Fed. Prac. & Proc. Civ. § 2046.1 (3d ed.) ("Although the rule [26] does not say so, it is implicit that some showing of good cause should be made to justify such an order, and courts presented with requests for immediate discovery have frequently treated the question whether to authorize early discovery as governed by a good cause standard."). The burden of demonstrating good cause rests with the party seeking the expedited discovery. *Lemkin*, 2009 WL 1542731, at *2 (citations omitted).

Another court in this circuit previously discussed the following considerations when determining whether good cause exists:

> "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Arista Records, LLC v. Does 1–15*, 2:07–cv–450, 2007 WL 5254326, at *2 (S.D. Ohio May 17, 2007). Good cause is often found in cases alleging infringement, unfair competition, or where evidence may be lost or destroyed with time. *Caston v. Hoaglin*, No. 2:08–cv–200, 2009 WL 1687927, at *2 (S.D. Ohio June 12, 2009). The scope of the requested discovery is also relevant to a good cause determination. *Russell v. Lumpkin*, No. 2:10–cv–314, 2010 WL 1882139, at *2 (S.D. Ohio May 11, 2010). Ultimately, the Court retains broad discretion in establishing the timing and scope of discovery [ (citing *Lemkin*, 2009 WL 1542731, at *2)].

*Luxottica Retail N. Am., Inc. v. Vision Serv. Plan,* No. 1:14-cv-581, 2014 WL 4626015, at *3 (S.D. Ohio Sept. 12, 2014) (acknowledging further that "there is little binding authority on the issue of expedited discovery in the Sixth Circuit, and district courts are split on the appropriate standard"); *see also N. Atl. Operating Co., Inc. v. JingJing Huang*, 194 F. Supp. 3d 634, 637 (E.D. Mich. 2016) ("Within this Circuit, district courts have found good cause for granting expedited discovery when the true identities of the defendants are unknown, when the moving party alleges infringement, when the scope of the discovery sought is narrow, and when expedited discovery would substantially contribute to moving the case forward."); *Barrette*

4

*Outdoor Living, Inc. v. Does*, No. 1:16 CV 914, 2016 WL 1588672, at *2 (N.D. Ohio Apr. 20, 2016) ("Courts consider several factors in determining if good causes exists, including: (1) the danger that the information sought will be lost or destroyed, (2) whether the discovery would substantially contribute to moving the case forward, and (3) the scope of the information sought."); *Malibu Media, LLC v. Doe*, No. 2:15-cv-488, 2015 WL 12732852, at *1 (S.D. Ohio Feb. 4, 2015) (finding good cause in the context of a copyright infringement case where the plaintiff showed that it could not meet its service obligation under Rule 4(m) without the requested discovery from a non-party internet service provider to discover a Doe defendant's identity).

In this case, having considered the relevant standard and Plaintiff's arguments, the Court is not persuaded that Plaintiff has established the necessary good cause to serve expedited discovery.  For example, this is not an instance where the true identities of the defendants are unknown.  Further, Plaintiff has not argued that this is a situation where the information sought will be lost or destroyed.  Additionally, Plaintiff has not suggested how expedited discovery will move this litigation along.  Moreover, the scope of the information sought appears to be quite broad for this initial stage of the proceedings.  For all these reasons, Plaintiff has not established the requisite good cause for the issuance of the proposed discovery prior to the Rule 26(f) conference.  Accordingly, Plaintiff's Motion (ECF No. 12) is **DENIED.**

**IT IS SO ORDERED.**


**Date: September 8, 2020**          /s/ *Elizabeth A. Preston Deavers*
                                                                **ELIZABETH A. PRESTON DEAVERS**
                                                                **CHIEF UNITED STATES MAGISTRATE JUDGE**