IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KENNETH JOHANSEN,**

    **Plaintiff,**

    v.

    Civil Action 2:20-cv-2930
    Chief Judge Algenon L. Marbley
    Chief Magistrate Judge Elizabeth P. Deavers

**BLUE RAVEN SOLAR, LLC,**
**et al.,**

    **Defendants.**

## OPINION AND ORDER

This matter, a putative class action alleging violations of the Telephone Consumer Protection Act ("TCPA"), is before the Court on Defendant Blue Raven Solar, LLC's motion to transfer under either the first-to-file doctrine or, alternatively, under 28 U.S.C. § 1404(a). (ECF No. 31.) Defendants Renovation Referral LLC and Gabriel Solomon have filed a notice joining in Blue Raven's motion. (ECF No. 32.) Plaintiff Kenneth Johansen has filed a notice of non-opposition (ECF No. 35.) For the following reasons, Defendant's motion is **GRANTED.**

### I.

"The first-to-file rule is a well-established doctrine that encourages comity among federal courts of equal rank." *Aero Advanced Paint Tech., Inc. v. Int'l Aero Prod., LLC*, 351 F. Supp. 3d 1067, 1070 (S.D. Ohio 2018) (citing *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs., Inc.*, 16 F. App'x 433, 437 (6th Cir. July 31, 2001)). "'The rule provides that when actions involving nearly identical parties and issues have been filed in two different district courts, the court in which the first suit was filed should *generally* proceed to judgment.'" *Id*. (quoting *Certified*

*Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007)) (internal quotations omitted). If the rule applies, a court may transfer, stay, or dismiss the later filed action. *Id*. (citing *NCR Corp. v. First Fin. Comput. Servs., Inc.*, 492 F. Supp. 2d 864, 866 (S.D. Ohio 2004); *see also Smithers-Oasis Co. v. Clifford Sales & Mktg.*, 194 F. Supp. 2d 685, 688 (N.D. Ohio 2002) (transferring action to first-filed court); *Strategic Ambulance, Inc. v. Martinez*, No. 1:05-CV-598, 2006 WL 462430, at *3–4 (S.D. Ohio Feb. 24, 2006) (same).

In deciding whether the first-to-file rule applies, a court should look to three factors: (1) the chronology of the actions; (2) the similarity of the parties involved; and (3) the similarity of the issues at stake. *Aero Advanced Paint*, 351 F. Supp. 3d at 1070 *(citing Plating Res., Inc. v. UTI Corp.*, 47 F. Supp. 2d 899, 903 (N.D. Ohio 1999). "'The parties and issues need not be identical but may be substantially similar.'" *Id.* (quoting *AK Steel Corp. v. Jermax, Inc.*, No. 1:09-cv-620, 2010 WL 11538475, at *2 (S.D. Ohio May 17, 2010)).

Here, there is no dispute that the putative class action captioned as *Naiman v. Blue Raven Solar, LLC*, Case No. 2:19-cv-01643 (D. Nev.) and filed on September 18, 2019, alleging violations of the TCPA was filed first. Further, as Blue Raven explains, the parties in the two cases are substantially similar, including identical defendants. Finally, Blue Raven asserts, and no party disagrees, that the cases involve substantial overlap of identical and dispositive issues.

Because all three factors have been met, the Court concludes that the first-to-file rule is applicable here. Nevertheless, the Court has the "'discretion to dispense with the first-to-file rule where equity so demands.'" *Aero Advanced Paint*, 351 F. Supp. 3d at 1072 (citing *AK Steel Corp.*, 2010 WL 11538475, at *2 (S.D. Ohio May 17, 2010)). "'Factors that weigh against enforcement of the first-to-file rule include extraordinary circumstances, inequitable conduct, bad faith, anticipatory suits, and forum shopping.'" *Id*. (quoting *Certified Restoration Dry Cleaning Network, L.L.C.*, 511 F.3d at 551–52 (quoting *Zide Sport Shop of Ohio, Inc.*, 16 F.

App'x at 437)). No such extraordinary circumstance exists in this case such that the Court should decline to apply the first-to-file rule. Accordingly, in the exercise of its discretion under the first-to-file rule, the Court will transfer this case to the District of Nevada, where the first-filed case is currently pending. Moreover, in light of Plaintiff's notice that he does not oppose, equity favors transfer.

Finally, because this action will be transferred under the first-to-file rule, the Court does not address, and expresses no opinion as to whether a transfer pursuant to Section 1404(a) would be proper.

For the reasons set forth above, Blue Raven's motion (ECF No. 31) is **GRANTED.** The Clerk is **DIRECTED** to **TRANSFER** this action to the United States District Court for the District of Nevada. Further, the Court stays any responsive pleading deadline pending scheduling by the transferee court.

**IT IS SO ORDERED.**


**Date: November 17, 2020**         */s/ Elizabeth A. Preston Deavers*
                                    **ELIZABETH A. PRESTON DEAVERS**
                                    **CHIEF UNITED STATES MAGISTRATE JUDGE**